# United States District Court
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>PLAINTIFF<br><br>v.<br><br>**20 BERNADETTE STREET,<br>FITCHBURG, MASSACHUSETTS 01453,**<br>DEFENDANT | CIVIL ACTION<br>NO. 04CV12337JLT<br><br>ANWER TO COMPLAINT |

Now comes Claimant George W. Bureau by and through his attorney, Thomas F. McEvilly, and submits the following Answers to Plaintiff's Complaint For Forfeiture in Rem.

1) No response required.

2) The Claimant admits the allegations in paragraph (2) of the Complaint.

3) The Claimant admits the allegations in paragraph (3) of the Complaint.

4) The Claimant denies the allegations in paragraph (4) of the Complaint.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

5) Defendant property is not subject to forfeiture under 18 U.S.C. § 981 (a)(1) because the Defendant was not involved in a transaction or attempted transaction in violation of § 1956 and 1957 of this Title or Title 31, § 5313 (a) or 5324 (a), or any property traceable to such property.

### SECOND AFFIRMATIVE DEFENSE

6) Claimant is the legal owner of the right, title and interest in Defendant property. The interest of Claimant is not subject to forfeiture under 18 U.S.C. § 981 (a)(1), 984, and 1956, 1957 and 31 U.S.C. 5313 (a) and 5324 (a) nor under the Due Process Clause of the United States Constitution because any acts or omissions, which are alleged to constitute the basis of this Complaint were committed without his knowledge or consent. Particularly, but not exclusively, Claimant is an innocent owner because he never voluntarily consented to any acts or omissions which constitute a violation of Title 18 U.S. Code or Title 31 U.S. Code.

### THIRD AFFIRMATIVE DEFENSE

7) The Claimant fails to sufficiently particularize the specific violation of 18 U.S.C. § 981 (a) (1) 984, and 1956, 1957 and 31 U.S.C. 5313 (a) and 5324 (a), which Defendant property was substantially connected to, thus violating Rule E (2) (a) of the Supplemental Rules for Certain Admiralty and Maritime Claims and the Due Process Clause of the United States Constitution.

Wherefore, Claimant prays that the judgement of forfeiture against the Defendant properties be denied and the Defendant properties be returned to him.

Claimant further prays that he be awarded all other relief to which he is entitled.

Claimant demands a jury trial.

Respectfully submitted,

George W. Bureau
By his attorney,

*Thomas F. McEvilly*
Thomas F. McEvilly
McEVILLY & CURLEY
48 West Street
Leominster, MA 01453
(978)534-3556
B.B.O. #332680

### CERTIFICATE OF SERVICE

I, Thomas F. McEvilly, hereby certify that I have this day serviced a copy of the foregoing documents, by mailing a copy, first class mail, postage prepaid, to Kristina E. Barclay, Assistant U.S. Attorney, Office of the United States Attorney Asset Forfeiture Unit, 1 Court House Way, Suite 9200, Boston, MA 02210, Washington Mutual Bank, 400 East Main Street, Stockton, CA 95290, and Fitchburg Assessor, 718 Min Street, Fitchburg, MA 01420.

*Thomas F. McEvilly*
Thomas F. McEvilly

Dated: March 30, 2005