UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) <br>          Plaintiff,                  ) <br>                                      ) <br>         v.                             ) <br>                                      ) <br> 20 Bernadette St.,              ) <br> FITCHBURG, MASSACHUSETTS,  ) <br>         Defendant.          ) <br>                                    ) | Civil Action No. <br> 04-CV-12337-JLT |

## **MEMORANDUM IN SUPPORT OF THE UNITED STATES'S MOTION FOR SUMMARY JUDGMENT**

### **INTRODUCTION**

Plaintiff, United States of America, submits this Memorandum of Law in support of its Motion for Summary Judgment. The Affidavit of Detective James M. Gilbert of the Fitchburg Police Department ("Gilbert Aff.") (attached as Exhibit A), the Affidavit of James F. O'Hara II of the United States Drug Enforcement Administration ("O'Hara Aff.") (attached as Exhibit B)[1], and George Bureau's June 6, 2005 Plea Colloquy ("Bureau Colloquy") (attached as Exhibit C) establish that there is no genuine issue of material fact that the real property located at 20 Bernadette St., Fitchburg, Massachusetts ("Defendant Real Property") was used for the possession, storage, and distribution of controlled substances, in violation of 21 U.S.C. §§ 841, 846, and/or 856 (2002). Accordingly, the Defendant Real Property is forfeitable to the United States, pursuant to 21 U.S.C. § 881(a)(7) (2002), as property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, violations of the Federal Controlled Substances Act that are punishable by more than one year's imprisonment. As discussed herein, the Complaint and the affidavits attached thereto coupled with the Bureau Colloquy satisfy the

---

[1] These affidavits are also exhibits to the Verified Complaint.

government's burden of showing of probable cause to forfeit the Defendant Real Property and establish as a matter of law that the Defendant Real Property was used in a manner which subjects it to forfeiture under 21 U.S.C. § 881(a)(7).

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Claimant George Bureau and Bonnie Stetson were charged with various crimes relating to the possession of controlled substances with the intent to distribute. These included trafficking in cocaine, multiple counts of possession of cocaine with intent to distribute, and possession of marijuana. Bureau Colloquy 3:4-6:1.

The Defendant Real Property is a single-family house at 20 Bernadette Street in Fitchburg, MA. Bureau Colloquy 35:12. Bureau and Stetson both resided there at all times relevant to this case. Id. at 36:21-22. The property is owned by Bureau. Gilbert Aff. ¶ 3.

Starting in October 2003, the Fitchburg Police Department began investigating Bureau and Stetson regarding the sales of controlled substances. Fitchburg officers set up surveillance and four controlled purchases of cocaine from Bureau and Stetson. Gilbert Aff. ¶¶ 7-14.

During the surveillance of Bureau and Stetson, both were seen traveling from the Defendant Real Property to the Red Star Café. Gilbert Aff. ¶¶ 9, 11, 13. Bureau routinely returned to the Defendant Real Property after work, showered and then drove to the Red Star Café where he dealt cocaine. Gilbert Aff. ¶ 5. For the four controlled purchases, an informant went into the café after having been searched by a Fitchburg officer and returned with cocaine purchased from Bureau and Stetson. Gilbert Aff. ¶¶ 8, 10, 12, 14.

---

[2]The government incorporates by reference its Rule 56.1 Statement of Undisputed Facts filed herewith.

Based on the controlled purchases and the stops at the Defendant Real Property before driving to the Red Star Café, the police obtained warrants to search the Defendant Real Property, two vehicles belonging to Bureau and Stetson, and the persons of Bureau and Stetson. The police executed the warrants on November 20, 2003. Bureau Colloquy 35:9-17.

The police, warrants for Bureau and Stetson in hand, observed the two at the Red Star Café engaging in what appeared to be hand-to-hand drug sales. Bureau Colloquy 35:17-19. The officers stopped and arrested Bureau. When they searched him, they found about 40 grams of cocaine, 92 Oxycodone tablets and $2,411 in cash, mostly in fifty and hundred dollar bills. Bureau Colloquy 36:1-8. Stetson was inside the café and was in possession of about .74 grams of cocaine in packages similar to the ones found on Bureau. Bureau Colloquy 36:10-18.

The police entered and searched Bureau's and Stetson's residence at the Defendant Real Property, pursuant to the search warrant. Inside a locked bedroom, the officers found a locked safe which contained 182 grams of cocaine, 180 Oxycodone pills, personal papers in the names of both Stetson and Bureau, and $1,750 in cash. Bureau Colloquy 36:21-37:7. In the same bedroom, in a drawer of a nightstand, the officers found a small box, containing marijuana and mail that was addressed to both Stetson and Bureau. Bureau Colloquy 37:9-15. Police also seized 178.5 pills of Class C and Class E substances, and three bags and one small pack of cocaine weighing about four grams. Bureau Colloquy 37:20-23. The officers also found a digital scale, which contained cocaine residue. Bureau Colloquy 37:25. The house also contained other materials used in packaging narcotics for sale. Gilbert Aff. ¶20; O'Hara Aff. ¶ 3.

On June 6, 2005, Stetson pleaded guilty to the following charges: possession with intent to distribute Class B, possession with intent to distribute cocaine, possession of Class B with

intent to distribute, possession of marijuana, possession of Class B with intent to distribute, and possession of Class E with intent to distribute.  Bureau Colloquy 13:1-13.

On the same day, Bureau pleaded guilty to the following: "trafficking in cocaine, 28 to a hundred grams, two counts;  possession of cocaine with intent to distribute, second and subsequent offense, two counts;  possession of Class B with intent to distribute, two counts;  possession of Class C with intent to distribute, second or subsequent offense;  possession of marijuana; and possession of Class E with intent to distribute."  Bureau Colloquy 19:19-20:13.  Bureau assented to the forfeiture of $4,275 and the court allowed the seizure of a two trucks.  Bureau Colloquy 55:14-19;  Gilbert Aff. ¶8. The United States filed a Complaint for Forfeiture in rem against the Defendant Real Property on November 3, 2004, which was supported by the Gilbert Affidavit.  Thereafter, this Court approved and ordered the issuance of a Warrant and Monition, directing the posting of the Defendant Real Property and service of notice of the action on all interested parties.  A lis pendens was approved by this Court on November 3, 2004.  On or about November 19, 2004, the lis pendens was served on claimant via certified mail.  Publication of the lis pendens ran in the Fitchburg's Sentinel & Enterprise on November 20, 2004.  On or about November 20, 2004, agents of the United States Marshals Service posted a copy of the Complaint on the premises.  On or about March 30, 2005, the claimant filed an answer to the Complaint as the registered owner of the Defendant Real Property, denying the allegations contained in the Complaint.  On or about March 30, 2005, the claimant filed a verified claim, adding a verified notice of claim of the claimant.  On June 6, 2005, the claimant pleaded guilty to various drug offenses in Worcester Superior Court and is currently serving a 6-8 year sentence.  Stetson also pleaded guilty and is currently on probation.

Based on the facts to which Bureau pleaded guilty, it is undisputed that the Defendant Real Property "was used or intended to be used to commit, or to facilitate the commission of, a violation of 21 U.S.C. §§ 841, 846 and/or 856." O'Hara Aff. ¶ 4.  Thus, the Defendant Real Property "is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7)." Id.

## ARGUMENT

A.   **Standard of Review.**

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court should render summary judgment if it concludes that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The party seeking summary judgment bears the burden of establishing "the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Rule 56(c)).  The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).  The claimant cannot create a genuine issue of material fact, and, thereby, prevent the government's motion for summary judgment by contradicting sworn statements made in a parallel criminal case where he already plead guilty. See United States v. Contents of Account Numbers 208-06070, 847 F. Supp. 329, 336 (S.D.N.Y. 1994).

Summary judgment is appropriate in civil forfeitures where this standard is met. See e.g., United States v. One 1987 Mercedes Benz 300E, 820 F. Supp 248, 253 (E.D. Va 1993).  Indeed,

it may be granted where claimant has asserted an innocent owner defense. United States v. One Lot of U.S. Currency ($36,674), 103 F.3d 1048, 1055 (1st Cir. 1997) (rejecting innocent owner defense and affirming summary judgment granted against wife of target of narcotics investigation); see United States v. 15 Bosworth Street, 236 F.3d 50, 55 (1st Cir. 2001) (government has no burden of negating claimant's innocent owner defense in its case-in-chief).

Whether there is a genuine issue of fact for trial depends on the substantive law of the underlying case and the evidentiary burdens that law places on each party. See Anderson, 477 U.S. at 252-56. Thus, in this case, the summary judgment rules must be "'construed in the light of the statutory law of forfeitures, and particularly the procedural requirements set forth therein.'" United States v. One 56-Foot Motor Yacht Named Tahuna, 702 F.2d 1276, 1281 (9th Cir. 1983) (quoting United States v. One 1975 Mercedes 280S, 590 F.2d 196, 199 (6th Cir. 1978)).

**B.     Burden of Proof.**

With the passage of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), Pub. L. No. 106-185, 114 Stat. 202 (2000), Congress mandated a fundamental change in the government's burden of proof in civil forfeiture actions. CAFRA applies to all forfeiture proceedings commenced on or after August 23, 2000.

Under CAFRA, the government has the burden of establishing, by a preponderance of the evidence, that the Defendant Real Property is forfeitable. Prior to CAFRA, the government had the initial burden of showing probable cause for the forfeiture. CAFRA does not, however, in any way limit the right of either party to seek summary judgment. See House Passage of H.R. 1658, Floor Statements, 146 Cong. Rec. H2040-01, at *H2050, 2000 WL 368969 (Cong. Rec.), Proceedings and Debates of the 106th Congress, Second Session, (Tuesday, April 11, 2000)

("The bill is not intended to limit the right of either party to bring a motion for summary judgment . . . ."). The claimant may defeat the forfeiture claim by raising an affirmative defense or by entering evidence that, if believed, prevents the government from meeting its burden.

In order for the government to meet its burden of proof in a claim where its theory for forfeiture is based on the Defendant Real Property's use in facilitating some crime, the government must show a "substantial connection" between the property and the crime. 18 U.S.C. § 983(c)(3) (2000); United States v. One Parcel of Real Property, 900 F.2d 470, 474 (1st Cir. 1990). The "substantial connection" test only requires that the Defendant Real Property was used, or intended to be used, to commit or must facilitate the commission of a crime. See generally United States v. Real Property in Section 9, 308 F. Supp. 2d 791, 806-07 (E.D. Mich. 2004); see also United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990). Real property may be forfeited if it had "more than 'an incidental or fortuitous connection'" to criminal activity. United States v. One Lot of U.S. Currency ($36,634), 103 F.3d at 1055 (quoting United States v. 1933 Commonwealth Avenue, Newton, Massachusetts, 913 F.2d 1, 3 (1st Cir. 1990)). The government has met its burden by showing that the undisputed facts prove that it was more likely than not that Defendant Real Property was used in ways that make it forfeitable.

C. **The United States Produced Sufficient Evidence to Demonstrate Probable Cause That the Defendant Real Property Was Used to Facilitate Drug Violations.**

The government has demonstrated, by a preponderance of evidence, that the Defendant Real Property is subject to forfeiture. Title 21, United States Code, Section 881(a) provides that the following shall be subject to forfeiture to the United States and no property rights shall exist in them:

> . . . (7) All real property, including any right, title and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter, punishable by more than one year's imprisonment. . .

21 U.S.C. § 881(a)(7). In this case, the government alleges violations of Sections 841(a)(1), 846, and 856 of Title 21. Section 841(a) makes it a crime for any person to knowingly or intentionally manufacture, distribute, dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance. Violations of § 841(a) are felonies punishable by more than one year in prison under § 841(b). Section 856 makes it a crime, punishable by more than one year in prison, to knowingly open or maintain any place for the purpose of distributing or using any controlled substance. Pursuant to 21 U.S.C. § 812, marijuana, cocaine and Oxycodone are a controlled substances. Section 846 makes it a crime to attempt or to conspire to commit the unlawful acts prohibited by Sections 841 and 856, among others. Therefore, since the crimes are punishable by at least 1 year in prison, as long as there is a substantial connection between the Defendant Real Property and the crimes, the Defendant Real Property is forfeitable. 18 U.S.C. § 983(c)(3) (under a facilitation theory of forfeiture, the government "shall establish that there was a substantial connection between the property and the offense.").

Here, there is ample evidence of such a connection between the Defendant Real Property and the offenses giving rise to forfeiture. The undisputed facts contained in the Gilbert Affidavit and the Bureau Colloquy constitute more than sufficient probable cause to believe that the Defendant Real Property was used to facilitate a drug crime, and that there was a substantial connection between the drug activity and the property. The Gilbert Affidavit establishes that the Defendant Real Property was used to store, sell, and distribute narcotics. See Gilbert Aff. ¶¶ 19-

21. Specifically, the Gilbert Affidavit shows the Defendant Property was used to store cocaine. <u>Id.</u> Furthermore, the Claimant admits to using his house to store 182 grams of cocaine, 180 Oxycodone pills, 178.5 pills of a Class C and Class E substance, marijuana and a digital scale with cocaine residue on it. <u>See</u> Bureau Colloquy at 36:21-38:4, 41:21-42:5. Such use substantially connects the Defendant Real Property to claimant's drug activity. <u>See</u> <u>One Parcel of Real Property</u>, 900 F.2d at 472 (drugs stored on premises established "substantial connection" between drugs and property). Since there is a "substantial connection" between Claimant's violation of the Controlled Substances Act and the Defendant Real Property, this property is subject to forfeiture.

     However, the Court has before it even more compelling evidence. Claimant himself admitted to facts sufficient to support a grant of summary judgment. Specifically, claimant pled guilty to "[t]rafficking in cocaine, 28 to a hundred grams; to the second indictment trafficking in cocaine, 28 to a hundred grams; to the third and fourth indictment, possession of cocaine with intent to distribute, second or subsequent offense; to the fifth, possession of Class B with intent to distribute, second or subsequent offense; to the sixth, possession of Class C with intent to distribute, second or subsequent offense; to the seventh, possession of marijuana; to the eighth, possession of Class E with intent to distribute . . ." <u>See</u> Bureau Colloquy at 19:19-20:13. Moreover, the Court asked Claimant Bureau if he understood that he could face up to 45 years in prison, and he replied "yes." <u>Id</u>. at 24:9-25:14. Also, the Court informed that his guilty plea would mandate a minimum sentence of 5 years, which he affirmed that he understood. <u>Id</u>. at 33:1-16. The Defendant Property is subject to forfeiture because Bureau pled to a crime under the Controlled Substances Act that had a minimum sentence of more than a year. <u>Id</u>. The

undisputed evidence before this Court proves a substantial connection and supports the forfeiture of the Defendant Real Property.

The government has amply met its burden that the property was used to facilitate drug violations. The claimant has offered no facts to dispute this, nor can he do so. Thus, the government is entitled to summary judgment on the issue of probable cause. <u>United States v. 1813 15th Street, N.W.</u>, 956 F. Supp. 1029, 1033-34 (D.D.C. 1997)(government entitled to summary judgment on probable cause issue if its evidence meets the usual probable cause standard and no reasonable jury could find otherwise).

**D.     The Claimant Has Not Established Any Affirmative Defenses.**

In the context of a civil forfeiture action, once the United States satisfies its burden of demonstrating probable cause for forfeiture, the claimant may present evidence that prevents the government from meeting its burden of proof or he may assert any viable affirmative defense to the forfeiture claim. See <u>United States v. One 56-foot Motor Yacht Named Tahuna</u>, 702 F.2d at 1281; <u>United States v. All Assets of G.P.S. Automotive Corp.</u>, 66 F.3d 483, 487 (2d Cir. 1995); <u>United States v. Daccarett</u>, 6 F.3d 37, 57 (2d Cir. 1993). If the claimant can neither show that there is a genuine issue of material fact regarding whether the Defendant Real Property was used illegally to facilitate the drug violations, nor that some affirmative defense exists, then the United States is entitled to summary judgment.

**1.     <u>Claimant's assertion of the innocent owner defense is laughable.</u>**

As his first and second affirmative defenses, claimant asserts that he is an innocent owner without knowledge or consent of any drug trafficking activity. The burden to show that the owner of the Defendant Real Property is "innocent" within the meaning of 21 U.S.C. § 881(a)(7)

lies solely with the claimant.  The government has no burden to show knowledge; rather, the claimant carries the burden to show *lack* of knowledge.  United States v. 15 Bosworth Street, 236 F.3d at 55; United States v. 16328 South 43rd East Avenue, Bixby, Tulsa County, OK, 275 F.3d 1281, 1284-85 (10th Cir. 2002)("It is the claimant's responsibility to prove the *absence* of actual knowledge")(citation omitted).

To defeat the government's attempt to meet its burden, the claimant must offer evidence admissible at trial as to his lack of knowledge and consent.  United States v. 18 Oakwood Street, 958 F.2d 1, 4 (1st Cir. 1992).  Mere denial of the allegations does not satisfy his burden, particularly where such denials are totally inconsistent with the facts in the complaint.  Id.  Thus, where a claimant denies drug activity in the home, yet the evidence shows that drugs and drug paraphernalia were present in the house, for example, the government would be entitled to summary judgment.  See id.  Since Bureau owned the Defendant Real Property prior to the alleged drug activities, in order to claim innocent ownership he must show by a preponderance of evidence that either: 1) he "did not know of the conduct giving rise to the forfeiture," or 2) "upon learning of the conduct. . . [he] did all that reasonably could be done under the circumstances to terminate such use of the property." 18 U.S.C. § 983 (d)(2)(a).  Of course, the claimant cannot satisfy this burden.

The facts here fail to support the claimant's innocent owner claim.  Indeed, they mandate a contrary conclusion.  Here, the evidence, including claimant's own sworn statement,  indicates that Bureau used his home for the purpose of using, distributing and dealing drugs. Gilbert Aff. ¶ 17, 19; Bureau Colloquy at 36:21-38:1.

Obviously, upon learning of the drug activity, the claimant did not inform authorities of the activities, and there is no evidence that reporting would have put the claimant in danger. Therefore, the second innocent owner exception is inapplicable because claimant did not do "all that could be reasonably done under the circumstances to terminate use of the property." 18 U.S.C. § 983 (d)(2)(a). Based on the evidence on the record, a claim of innocent ownership is not only totally inconsistent with the facts, but also cannot be put forward in good faith.

### 2. The Complaint Demonstrates Sufficient Particularity.

As his third affirmative defense, claimants assert that the United States "fails to sufficiently particularize the specific violation of 18 U.S.C. § 981(a)(1)984, and1956,1957 and 31 U.S.C. 5313(a) and 5324(a) . . . thus violating Rule E(2)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims . . ." See Answer at 7. The particularity requirement requires the complaint to "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able . . . to commence an investigation of the facts and to frame a responsive pleading." United States v. Mondragon, 313 F.3d 862, 864 (4th Cir. 2002)(quoting Supplemental Rule E(2)(a)). Due to CAFRA's change in the burden of proof, "post-CAFRA cases have simply held that a complaint must 'allege sufficient facts to support a reasonable belief that the property is subject to forfeiture.'" United States v. All Funds on Deposit in Dime Savings Bank of Williamsburg Account No. 58-400738-1, 255 F. Supp. 2d 56, 69, n.19 (E.D.N.Y. 2003)(quoting Mondragon, 313 F.3d at 865). As shown in Section C, supra, the Complaint and its exhibits clearly set forth the circumstances supporting the government's contention that there was probable cause to believe that the Defendant Real Property was connected with illegal drug sales. Therefore, this defense cannot defeat summary judgment.

## **CONCLUSION**

The undisputed evidence before this Court demonstrates that the Defendant Real Property was used to facilitate the distribution and possession with the intent to distribute of marijuana, cocaine and Oxycodone.  Further, there is no evidence before the Court to sustain any affirmative defenses of the claimant in order for him to avoid forfeiture.  For these reasons, the United States is entitled to judgment in its favor as a matter of law, and entry of an Order declaring the Defendant Real Property forfeited to the United States, pursuant to 21 U.S.C. § 881(a)(7).

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/Eugenia M. Carris
Eugenia M. Carris
Assistant U.S. Attorney
United States Courthouse
One Courthouse Way, Suite 9200
Boston, Massachusetts 02210
(617)748-3282

Date: September 2, 2005