# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.                    Superior Court Department
                                  of the Trial Court


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                  \*
COMMONWEALTH OF MASSACHUSETTS     \*
                                  \*  Criminal  Action
v.                                \*  Nos. 04-1037
                                  \*       04-1039
GEORGE W. BUREAU                   \*
BONNIE STETSON      \*
                                  \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*


                  CHANGE OF PLEA COLLOQUY
                  BEFORE:  McCANN, J.

A P P E A R A N C E S:
ON BEHALF OF THE COMMONWEALTH:
Worcester County District Attorney's Office
340 Main Street
Worcester, Massachusetts 01608
      By:  BLAKE RUBIN, Assistant District Attorney

ON BEHALF OF THE DEFENDANT BUREAU:
McEvilly & Curley
48 West Street
Leominster, Massachusetts  01453
      By:  MICHAEL McEVILLY, Esq.

ON BEHALF OF THE DEFENDANT STETSON
Committee for Public Counsel Services
340 Main Street
Worcester, Massachusetts  01608
      By: MICHAEL S. HUSSEY, Esq.


                        Worcester Superior Court
                        June 6, 2005
                        Volume:  1


            Susan A. Garvin
            Official Court Reporter

1          (Court in Session.)
(Defendants present with counsel.)
2          (9:59 a.m.)

3                THE CLERK:  Matters before the Court are

4   Commonwealth versus Bonnie L. Stetson and George

5   Bureau.  I understand these to be changes of plea.

6                MR. HUSSEY:  Yes.

7                THE CLERK:  Would the defendants please raise

8   your right hands.

9                    GEORGE W. BUREAU, Sworn

10                    BONNIE L. STETSON, Sworn

11                THE COURT:  Would counsel identify themselves

12   for the record, with the Commonwealth first, please.

13                MR. RUBIN:  Good morning, your Honor.  Blake

14   Rubin for the Commonwealth.

15                THE COURT:  Good morning, sir.

16                MR. HUSSEY:  Michael Hussey for Bonnie

17   Stetson.

18                MR. McEVILLY:  Michael McEvilly for George

19   Bureau.

20                THE COURT:  Is this going to be a plea?

21                MR. RUBIN:  Yes, your Honor.

22                THE COURT:  Is it going to be an agreed or

23   disparate recommendation?

24                MR. RUBIN:  They are all agreed.

25                THE COURT:  And is the Commonwealth intending

1    to go forward on all of the indictments or to amend any

2    of the indictments, assuming there's a successful

3    colloquy?

4            MR. RUBIN:  Correct.  We will be moving to

5    amend a number of the indictments.

6            THE COURT:  Would you mind going through them

7    now?

8            MR. RUBIN:  Yes, your Honor.  For Mr.

9    Bureau --

10           THE COURT:  Yes.

11           MR. RUBIN:  -- trafficking in cocaine, one

12   hundred to two hundred grams, we would be moving to

13   have him plead to so much that alleges 28 to a hundred.

14           THE COURT:  All right.

15           MR. RUBIN:  Okay, the indictment that's for

16   trafficking, 28 to a hundred, that would be as is.

17           THE COURT:  All right.

18           MR. RUBIN:  The indictment for possession of

19   cocaine with intent to distribute, second and

20   subsequent offense, that's fine.

21           THE COURT:  On both?  There are two counts.

22           MR. RUBIN:  There are two, yes.  Those are

23   fine as is.

24           There's also an Indictment 5, possession B

25   with intent to distribute, subsequent offense, that's

4

also fine as is.

Possession C, subsequent offense, that's fine as is.

Possession of marijuana, that's fine as is.

Possession E with intent, subsequent offense, that's -- strike the second and subsequent offense portion, please.

THE COURT:  All right.

MR. RUBIN:  And the remaining indictments, alleging school zone, they are Indictment 9, 10, 11, 12, and 13, assuming we go forward with the plea, we would be moving to dismiss those indictments, your Honor.  So all those indictments allege a school zone violation for either cocaine, cocaine, for cocaine, for cocaine, Class C and Class E.

THE COURT:  And are you dismissing the indictments entirely?

MR. RUBIN:  Yes.

THE COURT:  On Bonnie Stetson?

MR. RUBIN:  Okay, your Honor.  For Miss Stetson, trafficking in cocaine, one hundred to two hundred, would be the lesser included possession with intent to distribute Class B.

Trafficking cocaine, 28 to a hundred, would be the same, lesser included.

1          Possession with intent to distribute, Class

2    B, possession B with intent to distribute, as is.

3          Marijuana, possession of marijuana, as is.

4          Possession of cocaine with intent to

5    distribute, school zone, we would be striking --

6    actually, moving to dismiss that indictment that

7    alleges school zone.

8          THE COURT:  The whole indictment?

9          MR. RUBIN:  Yes.

10          Next one, same.  Possession of cocaine with

11    intent to distribute, school zone, moving to dismiss

12    that upon successful completion.

13          Same for the next one, possession with intent

14    school zone.

15          Next one, possession C with intent to

16    distribute, school zone, we move to dismiss that one

17    entirely.

18          THE COURT:  Both of them?

19          MR. RUBIN:  Just one.  The second one, strike

20    the school zone.  So she would be pleading to

21    possession, Class C with intent.

22          The next one, possession E with intent,

23    school zone, that whole indictment we would be moving

24    to dismiss, your Honor.

25          And the last one would be as is, E with

6

1      intent.

2              And the recommendation, your Honor, for

3      sentencing for Miss Stetson is going to be probation.

4      For Mr. Bureau it's going to be a state prison

5      recommendation, your Honor.

6              THE COURT:  And the recommendation --

7              MR. RUBIN:  For Miss Stetson, your Honor, the

8      recommendation is five years of probation.

9              THE COURT:  Bureau?

10             MR. RUBIN:  Six to eight state prison.  But

11     there are some recommendations for filing.  Do you want

12     the specifics, your Honor, on those?

13             THE COURT:  Please.

14             MR. RUBIN:  For Mr. Bureau, it's six to eight

15     on trafficking, both traffickings, 28 to a hundred, 28

16     to a hundred, these are amended -- these are proposed

17     amended indictments, your Honor, six to eight, six to

18     eight, and six to eight on C with intent, subsequent

19     offense.

20             THE COURT:  What number is that, C with

21     intent?

22             MR. RUBIN:  I can tell you.

23             THE CLERK:  6 is possession of Class C with

24     intent to distribute.

25             MR. RUBIN:  Yes.  Exactly.  Thank you.  Six

1    to eight on that, your Honor.

2                On possession C with intent to distribute,

3    recommending filing.

4                Possession Class D, filing.

5                The possession E with intent --

6                THE COURT:  D.  Okay.

7                MR. RUBIN:  There's a straight possession

8    Class D.

9                THE COURT:  Right.

10               MR. RUBIN:  We are recommending filing.

11               And there is also an indictment, possession E

12   with intent to distribute.

13               THE COURT:  Right.

14               MR. RUBIN:  Recommending filing that, your

15   Honor.

16               THE CLERK:  Second and subsequent?

17               MR. RUBIN:  Striking the second and

18   subsequent.  Yes, straight possession E with intent.

19   That's the amended indictment.

20               THE COURT:  The second and subsequent is

21   going --

22               MR. RUBIN:  To be stricken.

23               THE COURT:  -- to go away.

24               MR. RUBIN:  On the E.  And on the three

25   indictments alleging possession with intent to

8

1    distribute, probation, two years probation from and

2    after is the recommendation, your Honor.

3            THE COURT:   With any conditions of probation?

4            MR. RUBIN:   We just ask for standard

5    conditions, your Honor.   Nothing special.

6            THE COURT:   All right.

7            MR. RUBIN:   And for Miss Stetson, your Honor,

8    we are recommending filing the possession Class D.   And

9    the other, the remaining indictments as amended,

10   probation five years.   Standard conditions.

11           THE COURT:   Have we sworn them in?

12           THE CLERK:   Yes, your Honor.

13           THE COURT:   Miss Stetson and Mr. Bureau --

14           (The Defendants and their counsel confer.)

15           THE COURT:   Is there a question?

16           MR. McEVILLY:   No, your Honor.

17           MR. HUSSEY:   No, Judge.

18           THE COURT:   Everybody is on board right now?

19           MR. McEVILLY:   Yes.

20           THE COURT:   Miss Stetson and Mr. Bureau, my

21   name is Judge John McCann.   I'm an associate justice of

22   the superior court, and before I can accept your guilty

23   plea I need to ask you some questions.   The reason that

24   I am going to ask you these questions is to make sure

25   that your plea of guilty is made voluntarily,

1    intelligently, and knowingly and that you understand

2    the consequences of your guilty plea.  If at any time

3    you don't understand anything that I am saying, I am

4    going to ask you to interrupt me.  I will entertain any

5    questions that you might have and I will try to respond

6    to them appropriately.  In the event that either of you

7    need an opportunity to talk with your respective

8    attorneys, you just need to indicate that.  I will

9    interrupt these proceedings, and I will let you speak

10   with your respective lawyers.

11        Now, during this colloquy there are going to

12   be some questions that I am going to ask that will be

13   questions that would be just directed to each one of

14   you individually, and I will indicate when that's going

15   to happen, and there will be other times when I am

16   going to ask questions that are going to be directed to

17   both of you together, and they will be common

18   questions.  On the common questions, I am going to ask

19   you to both respond to the question that I ask, but I

20   am going to ask Miss Stetson to respond first, and

21   after she responds, I am going to ask Mr. Bureau to

22   respond.  The important thing to remember is that you

23   cannot talk at the same time.  So Mr. Stetson will

24   respond first and then Mr. Bureau, and the reason for

25   that is that our -- sorry, Miss Stetson will respond

first and then Mr. Bureau will respond second, and the
reason for that is the court reporter cannot have
people overtalking each other.  Do you each understand
that?

        MR. RUBIN:  Yes.

        MR. McEVILLY:  Yes.

        THE COURT:  Now, the first set of questions
that I have are going to be directed toward Bonnie
Stetson, please.  And speak up so our court reporter
can hear you.

        What is your full name?

        THE DEFENDANT STETSON:  Bonnie Stetson.

        THE COURT:  How old are you?

        THE DEFENDANT STETSON:  Thirty-eight.

        THE COURT:  What is your date of birth?

        THE DEFENDANT STETSON:  8/5/66.

        THE COURT:  How far did you go in school?

        THE DEFENDANT STETSON:  I graduated high
school.

        THE COURT:  When did you graduate?

        THE DEFENDANT STETSON:  1984.

        THE COURT:  From where?

        THE DEFENDANT STETSON:  Regional vocational
school.

        THE COURT:  Have you worked since then?

1     THE DEFENDANT STETSON:  Yes.

2     THE COURT:  Where did you last work?

3     THE DEFENDANT STETSON:  I presently work at

4 Dunkin' Donuts.

5     THE COURT:  A little louder, please.

6     THE DEFENDANT STETSON:  I presently work at

7 Dunkin' Donuts.

8     THE COURT:  What do you do there?

9     THE DEFENDANT STETSON:  I'm a cashier.

10     THE COURT:  Are you able to speak and read

11 and understand English?

12     THE DEFENDANT STETSON:  Yes.

13     THE COURT:  Do you have any difficulties in

14 speaking or reading or understanding English?

15     THE DEFENDANT STETSON:  No.

16     THE COURT:  Do you have any other language

17 that you use?

18     THE DEFENDANT STETSON:  No.

19     THE COURT:  Have you taken any medication or

20 drugs or alcohol today?

21     THE DEFENDANT STETSON:  No.

22     THE COURT:  Are you presently under the

23 influence of any medication or drugs or alcohol?

24     THE DEFENDANT STETSON:  No.

25     THE COURT:  Have you ever been treated for

12

1    any mental, psychological, or emotional illness or

2    condition?

3              THE DEFENDANT STETSON:  No.

4              THE COURT:  Are you aware of any present

5    mental, psychological, or emotional illness or

6    condition that you presently have?

7              THE DEFENDANT STETSON:  No.

8              THE COURT:  I understand that you are

9    offering to change your plea from not guilty to guilty

10   on some of the indictments before the Court.  You are

11   aware that you are charged in Indictment Nos. 04-1039-1

12   through 11 with trafficking in cocaine, a hundred to

13   two hundred grams; trafficking in cocaine, 28 to a

14   hundred grams; possession of Class B with intent to

15   distribute; possession of marijuana; possession of

16   cocaine with intent to distribute in a school zone, two

17   counts; possession of Class B with intent to

18   distribute; possession of Class C with intent to

19   distribute, two counts; possession of Class E with

20   intent to distribute in a school zone; possession of

21   Class E with intent to distribute.  You are aware that

22   those are the indictments that have been brought before

23   the Court?

24             THE DEFENDANT STETSON:  Yes.

25             THE COURT:  I understand that you are

13

1     indicating that you are asking the Court to plead to so

2     much of the indictments that are the following:  On the

3     first indictment, to so much of the indictment that

4     alleges possession with intent to distribute Class B;

5     on the second indictment, to so much of the indictment

6     that alleges possession with intent to distribute

7     cocaine; on the third indictment, possession of Class B

8     with intent to distribute; on the fourth indictment,

9     possession of marijuana; on the sixth indictment,

10    possession of Class B with intent to distribute; and on

11    the tenth indictment, possession of Class E with intent

12    to distribute.

13              THE DEFENDANT STETSON:  Yes.

14              THE COURT:  Is that your understanding?

15              THE DEFENDANT STETSON:  Yes.

16              THE COURT:  Is that your understanding,

17    Counsel?

18              MR. HUSSEY:  Yes, Judge.

19              THE COURT:  Assuming there's a successful

20    colloquy, the Commonwealth would then dismiss

21    Indictment No. 5, possession of cocaine with intent to

22    distribute in a school zone; and 6, the same;

23    Indictment 8 and 9, possession of Class E with intent

24    to distribute in a school zone -- I'm sorry, I take

25    that back.

14

1      Indictment Nos. 8 and 9, Mr. District

2   Attorney, they both allege possession of Class E with

3   intent to distribute in a school zone, two counts.

4   Which one is going to be dismissed?

5      MR. RUBIN:  Indictment 8, your Honor.  They

6   are identical indictments.

7      THE COURT:  Right.  You understand that,

8   ma'am?

9      THE DEFENDANT STETSON:  Yes.

10      THE COURT:  And you will be pleading to

11   No. 9 insomuch as it alleges possession with intent to

12   distribute.  You understand that?

13      THE DEFENDANT STETSON:  Yes.

14      THE COURT:  You are aware that the

15   recommendation of the district attorney as well as your

16   counsel is five years probation?

17      THE DEFENDANT STETSON:  Yes.

18      THE COURT:  With conditions of probation that

19   will include drug testing, random drug testing and

20   evaluation?

21      THE DEFENDANT STETSON:  Yes.

22      THE COURT:  Mr. Bureau, I am now going to

23   address some questions to you.  I will ask you to keep

24   your voices up so our court reporter can hear you.

25      What is your full name?

1          THE DEFENDANT BUREAU:  George William Bureau.

2          THE COURT:  How old are you?

3          THE DEFENDANT BUREAU:  Forty-seven --

4     forty-eight.

5          THE COURT:  What is your date of birth?

6          THE DEFENDANT BUREAU:  12/4/56.

7          THE COURT:  How far did you go in school?

8          THE DEFENDANT BUREAU:  Ninth.

9          THE COURT:  Where did you last attend school?

10         THE DEFENDANT BUREAU:  B.F. Brown, Fitchburg.

11         MR. McEVILLY:  Judge, he's diagnosed with

12    leukemia, and he's a little weak.

13         THE COURT:  Let's have him come up on the

14    stand then.  We'll make it easier.

15         MR. McEVILLY:  It may be easier if he could

16    sit down.

17         THE COURT:  That's perfectly all right.

18         MR. McEVILLY:  Thank you.

19         THE COURT:  How far did you go in school?

20         THE DEFENDANT BUREAU:  Ninth.

21         THE COURT:  Where did you last go to school?

22         THE DEFENDANT BUREAU:  B.F. Brown, Fitchburg.

23         THE COURT:  Have you worked since then?

24         THE DEFENDANT BUREAU:  Yes.

25         THE COURT:  Where did you last work?

16

THE DEFENDANT BUREAU:  Hanscom Air Force
Base.

THE COURT:  What did you do there?

THE DEFENDANT BUREAU:  Painting.

THE COURT:  Are you able to read and speak
and understand English?

THE DEFENDANT BUREAU:  Yes.

THE COURT:  Do you have any difficulty in
reading or speaking or understanding English?

THE DEFENDANT BUREAU:  No.

THE COURT:  Do you have any other language
that you use?

THE DEFENDANT BUREAU:  No.

THE COURT:  Have you taken any medication or
drugs or alcohol today?

THE DEFENDANT BUREAU:  Yes.

THE COURT:  What medications have you taken?

THE DEFENDANT BUREAU:  Gleevec.

THE COURT:  Can you spell that, please?

THE DEFENDANT BUREAU:  (No response.)

THE COURT:  Say it out loud.

THE DEFENDANT BUREAU:  Gleevec.

THE COURT:  And what do you take that for?

THE DEFENDANT BUREAU:  Cancer.

THE COURT:  How long have you been on that

1    medication?

2              THE DEFENDANT BUREAU:  Almost two years.

3              THE COURT:  Does that medication affect your

4    ability to understand what's happening in here today?

5              THE DEFENDANT BUREAU:  Not that I know of.

6              THE COURT:  That is a medication that you

7    take for your physical disability and not for a mental

8    disability?

9              THE DEFENDANT BUREAU:  Right.

10             THE COURT:  Are you presently under the

11   influence of any medication or drugs or alcohol?

12             THE DEFENDANT BUREAU:  Yes.

13             THE COURT:  Say that again?

14             THE DEFENDANT BUREAU:  Yes.

15             THE COURT:  And that's the medication you

16   just spoke about?

17             THE DEFENDANT BUREAU:  Yes.

18             THE COURT:  Now, when I talk about under the

19   influence, that means does the medication that you take

20   affect your ability to understand what's happening here

21   today?

22             THE DEFENDANT BUREAU:  No.

23             THE COURT:  And the medication that you are

24   taking when you answered that yes is for your cancer

25   problem?

18

1        THE DEFENDANT BUREAU:  Right.

2        THE COURT:  You are able to comprehend what

3    we are talking about here today?

4        THE DEFENDANT BUREAU:  Yes, sir.

5        THE COURT:  Is there any question about your

6    understanding about what's going on here today?

7        THE DEFENDANT BUREAU:  No.

8        THE COURT:  Have you been treated for any

9    mental, psychological, or emotional illness or

10   condition?

11       THE DEFENDANT BUREAU:  Not yet.

12       THE COURT:  What were you treated for?

13       MR. McEVILLY:  You were not, right?

14       THE DEFENDANT BUREAU:  No, not yet.

15       THE COURT:  You were not treated?

16       THE DEFENDANT BUREAU:  Not yet, no.

17       THE COURT:  Are you aware of any mental,

18   psychological, or emotional illness or condition that

19   you presently have?

20       THE DEFENDANT BUREAU:  No.

21       THE COURT:  I understand that you are

22   offering to change your plea from not guilty to guilty

23   to some of the indictments before the Court.

24       THE DEFENDANT BUREAU:  Yes.

25       THE COURT:  You have been indicted in

19

1    Indictment Nos. 04-1037-1 through 13 with the following

2    indictments:  Trafficking in cocaine, a hundred to two

3    hundred grams; trafficking in cocaine, 28 to a hundred

4    grams; possession of cocaine with intent to distribute,

5    second and subsequent offense, two counts; possession

6    of Class B with intent to distribute, two counts;

7    possession of Class C with intent to distribute, second

8    or subsequent offense; possession of marijuana;

9    possession of Class E with intent to distribute, second

10   or second offense; possession of cocaine with intent to

11   distribute in a school zone, two counts; possession of

12   Class B with intent to distribute in a school zone;

13   possession of Class C with intent to distribute in a

14   school zone; and possession of Class E with intent to

15   distribute in a school zone.  You understand that those

16   are the indictments that have been brought before the

17   Court?

18              THE DEFENDANT BUREAU:  Yes.

19              THE COURT:  My understanding is that you are

20   asking the Court to be allowed to plead to so much of

21   the first indictment that alleges trafficking in

22   cocaine, 28 to a hundred grams; to the second

23   indictment, trafficking in cocaine, 28 to a hundred

24   grams; to the third and fourth indictment, possession

25   of cocaine with intent to distribute, second and

20

1    subsequent offense; to the fifth, possession of Class B

2    with intent to distribute, second or subsequent

3    offense; to the sixth, possession of Class C with

4    intent to distribute, second or subsequent offense; to

5    the seventh, possession of marijuana; to the eighth,

6    possession of Class E with intent to distribute --

7    sorry, to so much of that indictment as alleges

8    possession of Class E with intent to distribute.  And

9    it's represented by the Commonwealth, assuming that

10   this colloquy is accepted by the Court, that the

11   remaining indictments will be dismissed.  Do you

12   understand that, sir?

13            THE DEFENDANT BUREAU:  Yes.

14            THE COURT:  On the indictments in regard to

15   Bonnie Stetson, would you indicate the maximum

16   penalties on each of those, please?

17            MR. RUBIN:  Yes, your Honor.

18            THE COURT:  Mr. District Attorney.

19            MR. RUBIN:  For Miss Stetson, your Honor, she

20   would be pleading to possession B with intent.  The

21   maximum penalty on that would be ten years in state

22   prison.

23            On the possession C with intent, the maximum

24   penalty would be five years in state prison.

25            Possession Class B, two years in the House of

1    Correction.

2              Possession E with intent, maximum penalty is

3    nine months in the House of Correction.

4              And those are the indictments, your Honor,

5    for Miss Stetson.

6              THE COURT:  What's the maximum on the C with

7    intent?

8              MR. RUBIN:  C with intent is five years, your

9    Honor, state prison.

10             THE COURT:  Miss Stetson, you understand that

11   those are the maximum penalties that the Court can

12   impose?

13             THE DEFENDANT STETSON:  Yes.

14             THE COURT:  You are aware that if I choose to

15   do so, that I can disregard the agreed recommendation,

16   I can impose a sentence that is either less than what's

17   being asked for or more than what's being asked for?

18             THE DEFENDANT:  Yes.

19             THE COURT:  You are aware that I can run the

20   sentences either concurrent or consecutively.

21   Concurrent means they would run together.

22   Consecutively means when one ends, the next would

23   begin.

24             THE DEFENDANT STETSON:  Yes.

25             THE COURT:  You are aware that one of the

recommendations is that you be placed on probation for a period of five years, and you would be also be subject to random testing and to drug evaluation. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: You are aware that if the Court does accept this plea and you are placed on probation, that if you violate your conditions of probation, that that is administered by the probation department. They simply give a notice to the Court and to you that you are in violation of probation. You have a right to a hearing on that. You are brought into a court, and the Court will determine whether you violated your conditions of probation. Do you understand that?

THE DEFENDANT STETSON: Yes.

THE COURT: You are aware that you are not entitled to a jury trial for that hearing, and that's heard by a judge and not a jury?

THE DEFENDANT STETSON: Yes.

THE COURT: Are you aware that in the event that you are found in violation of your conditions of probation, that the Court could then impose the maximum sentence on, I believe it's Indictment No. 9, which is possession of Class C with intent to distribute?

THE DEFENDANT STETSON: Yes.

23

1          THE COURT:  That the maximum penalty is five

2     years?

3          THE DEFENDANT STETSON:  Yes.

4          THE COURT:  And that if you do violate your

5     conditions of probation, and the Court finds you in

6     violation of probation, the Court could then sentence

7     you to five years in the state prison?

8          THE DEFENDANT STETSON:  Yes.

9          THE COURT:  And you understand that --

10    Actually, she's going to be on probation on all of

11    them, isn't she?

12          MR. RUBIN:  Yes.

13          THE COURT:  You are aware that on all of

14    these that the Court could impose a maximum penalty on

15    each one of these if it chooses to do so?

16          THE DEFENDANT STETSON:  Yes.

17          THE COURT:  And the Court could run those

18    sentences either concurrently or consecutively, as I

19    have told you?

20          THE DEFENDANT STETSON:  Yes.

21          THE COURT:  So that you would be exposed to

22    more than the five years that I just told you about.

23    You would be exposed to the maximum penalty that the

24    district attorney has just indicated on all of these

25    sentences.  Do you understand that?

1           THE DEFENDANT STETSON:  Yes.

2           THE COURT:  Do you have any question about

3     it?

4           THE DEFENDANT STETSON:  No.

5           THE COURT:  Mr. Bureau, you understand that

6     you are going to be on a period of probation for two

7     years on and after any sentence that you serve?

8           THE DEFENDANT BUREAU:  Yes.

9           THE COURT:  And would you indicate the

10    maximum penalties on Mr. Bureau's offenses, please?

11          MR. RUBIN:  Yes, your Honor.  Trafficking

12    is -- 28 to a hundred, Class B, maximum penalty is 20

13    years in state prison.

14          Possession cocaine with intent to distribute,

15    subsequent offense, is 15 years state prison.

16          Possession of C with intent to distribute,

17    subsequent offense, is ten years in state prison.

18          Possession of Class D is two years in the

19    House of Correction.

20          And possession of Class E with intent to

21    distribute is nine months in the House of Correction.

22          THE COURT:  Which one is he going to be

23    placed on probation on?

24          MR. RUBIN:  Possession of B with intent to

25    distribute.  That is a maximum penalty of ten years,

PENGAD • 1-800-631-6989 • www.pengad.com

LASER BOND FORM B

1   your Honor, in state prison.  Actually he's being

2   placed on probation on three counts of that, I believe.

3             THE COURT:  Do you understand that, Mr.

4   Bureau?

5             THE DEFENDANT BUREAU:  Yes.

6             THE COURT:  You are aware that I can

7   disregard the joint recommendation, and I can impose a

8   maximum penalty if I choose to do so?

9             THE DEFENDANT BUREAU:  Yes.

10            THE COURT:  Are you aware that I can run

11  these sentence either concurrently or consecutively?

12  Concurrently means they run together.  Consecutively

13  means that when one ends, the next would begin.

14            THE DEFENDANT BUREAU:  Yes.

15            THE COURT:  You are aware that during the

16  period of time that you are on probation, which would

17  be two years on and after your release, that if you are

18  found to be in violation of probation, that is

19  administered by the probation department.  They give

20  you a notice that you are in violation of probation,

21  and the matter is then brought before the Court.  You

22  are aware of that?

23            THE DEFENDANT BUREAU:  Yes.

24            THE COURT:  And the Court can then hear the

25  matter, and that's heard by a judge and not a jury.

1    You are aware of that?

2            THE DEFENDANT BUREAU:  Yes.

3            THE COURT:  And you would be on probation on

4    an offense for which you would be exposed to an

5    additional ten years in the state prison in the event

6    that you are found in violation of probation.  Do you

7    understand that?

8            THE DEFENDANT BUREAU:  Yes.

9            THE COURT:  You are aware that that's a

10   hearing by a judge and not a jury?

11           THE DEFENDANT BUREAU:  Yes.

12           THE COURT:  Miss Stetson, you understand the

13   indictments to which you are pleading guilty?

14           THE DEFENDANT STETSON:  Yes.

15           THE COURT:  You understand the charges that

16   have been brought against you?

17           THE DEFENDANT STETSON:  Yes.

18           THE COURT:  Has your attorney had an

19   opportunity to explain the nature and the elements of

20   each of the indictments and the possible consequences

21   in the event that you are found guilty?

22           THE DEFENDANT STETSON:  Yes.

23           THE COURT:  Mr. Bureau --

24           MR. McEVILLY:  May he remain seated, your

25   Honor?

1           THE COURT:  He may, yes.

2           You understand the indictments to which you

3      are pleading guilty?

4           THE DEFENDANT BUREAU:  Yes.

5           THE COURT:  You understand the charges that

6      have been brought against you?

7           THE DEFENDANT BUREAU:  Yes.

8           THE COURT:  Has your attorney explained the

9      nature and the elements of each indictment and the

10     possible consequences in the event that you are found

11     guilty?

12          THE DEFENDANT BUREAU:  Yes.

13          THE COURT:  Now, I am going to ask some

14     questions that will be common to both.  I will ask Miss

15     Stetson to respond first.  And Mr. Bureau, after Miss

16     Stetson has responded, I will ask you to respond.

17          You are each entitled to a number of rights.

18     I need to go over these rights to make sure that you

19     understand them.  You need to acknowledge them and

20     indicate that you are giving them up.  Do you each

21     understand that by pleading guilty you are giving up

22     the following rights:

23          You have a right to have a fair and impartial

24     trial either with or without a jury in order to

25     determine your guilt or innocence?

THE DEFENDANT STETSON:  Yes.

THE DEFENDANT BUREAU:  Yes.

THE COURT:  You each understand that you have a right to be tried by a jury that would consist of twelve people.  They would be chosen at random from the members of the community and that each of you and your respective lawyers would have the right to participate in the selection of those jurors?

THE DEFENDANT STETSON:  Yes.

THE DEFENDANT BUREAU:  Yes.

THE COURT:  Do you each understand that in a trial by a jury, the jury decides whether you are guilty or not guilty, and the jury decides that from the facts in the case, and the judge simply instructs the jury on the law?

THE DEFENDANT STETSON:  Yes.

THE DEFENDANT BUREAU:  Yes.

THE COURT:  Do you each understand that you could not be found guilty unless all twelve jurors unanimously agreed that the Commonwealth had met its burden of proving you guilty beyond a reasonable doubt as to each indictment and each element of each indictment?

THE DEFENDANT STETSON:  Yes.

THE DEFENDANT BUREAU:  Yes.

```
 1              THE COURT:  Did you each understand that you
 2      have a right to have a trial before a judge, and either
 3      I or another judge would listen to the facts of the
 4      case to determine whether you were guilty or innocent,
 5      and that would be determined from the facts of the case
 6      and the law that applies to the facts?
 7              THE DEFENDANT STETSON:  Yes.
 8              THE DEFENDANT BUREAU:  Yes.
 9              THE COURT:  Do you each understand that
10      whether you are tried by a jury or a judge, each of you
11      are presumed innocent until proved guilty beyond a
12      reasonable doubt?
13              THE DEFENDANT STETSON:  Yes.
14              THE DEFENDANT BUREAU:  Yes.
15              THE COURT:  Do you each understand -- by the
16      way, Counsel, if your client wishes to have some water,
17      just let us know, and we'll get him some.
18              MR. McEVILLY:  Thank you.
19              THE COURT:  Do you understand that at a trial
20      you have the right to confront the witnesses who would
21      be brought in to testify against you, which means that
22      each of you would have a right to face your accusers,
23      and your lawyers would have a right to cross-examine
24      them?
25              THE DEFENDANT STETSON:  Yes.
```

1      THE DEFENDANT BUREAU:  Yes.

2      THE COURT:  Do you each understand that at a

3  trial you each have a right to call your own witnesses

4  and to present evidence in your own defense if you wish

5  to do so?

6      THE DEFENDANT STETSON:  Yes.

7      THE DEFENDANT BUREAU:  Yes.

8      THE COURT:  Do you each understand that by

9  pleading guilty you are giving up the right to confront

10  and cross-examine the witnesses who would be brought in

11  to testify against you, and you are giving up your

12  right to present your own witnesses?

13      THE DEFENDANT STETSON:  Yes.

14      THE DEFENDANT BUREAU:  Yes.

15      THE COURT:  Do you each understand that at a

16  trial you have a right to exercise your privilege

17  against self-incrimination, which means you have a

18  right to remain silent.  You can just sit at counsel

19  table and do nothing.  You put the whole burden on the

20  Commonwealth to prove its case beyond a reasonable

21  doubt, and the Commonwealth cannot compel you to take

22  the stand.  In other words, you can just sit there and

23  make the Commonwealth prove its case.

24      THE DEFENDANT STETSON:  Yes.

25      THE DEFENDANT BUREAU:  Yes.

31

1           THE COURT:  Do you each understand all those

2       rights, and do you wish to give them up today by

3       pleading guilty?

4           THE DEFENDANT STETSON:  Yes.

5           THE DEFENDANT BUREAU:  Yes.

6           THE COURT:  The law presumes each of you

7       innocent of the charges against you until and unless

8       the government proves you guilty of each element of

9       each charge beyond a reasonable doubt.  By pleading

10      guilty, you are giving up your right to the presumption

11      of innocence, and you are giving up your right to force

12      the government to prove you guilty beyond a reasonable

13      doubt.  Do you each understand that?

14          THE DEFENDANT STETSON:  Yes.

15          THE DEFENDANT BUREAU:  Yes.

16          THE COURT:  Counsel for Stetson, were there

17      motions to dismiss or suppress filed?

18          MR. HUSSEY:  Yes, Judge.

19          THE COURT:  Were they acted upon?

20          MR. HUSSEY:  Yes.

21          THE COURT:  Were they all denied?

22          MR. HUSSEY:  Yes.

23          THE COURT:  Counsel for Bureau, were there

24      motions to dismiss or suppress filed?

25          MR. McEVILLY:  Yes.

32

1          THE COURT:  And were they heard?

2          MR. McEVILLY:  Yes.

3          THE COURT:  Were they denied?

4          MR. McEVILLY:  Yes.

5          THE COURT:  Do you each understand that by

6    pleading guilty you are giving up your right to file

7    any additional motions to dismiss or suppress?  A

8    motion to dismiss goes to the face of the indictments

9    or to the grand jury proceedings.  There's a right to

10   have a hearing on those motions before trial.  Some of

11   those have been heard and they have been denied.  Now,

12   you have a right to appeal those decisions.  Most

13   appeals occur after a trial; some occur before a trial.

14   By pleading guilty, you are giving up your right to

15   file any additional motions to dismiss or suppress.

16   You are giving up your right to appeal any adverse

17   decision on those motions which have been filed, or any

18   other motions which might be filed, you are giving up

19   your right to a hearing on those motions.  Do you each

20   understand that?

21          THE DEFENDANT STETSON:  Yes.

22          THE DEFENDANT BUREAU:  Yes.

23          THE COURT:  On Mr. Bureau, there are

24   mandatory minimums, are there?

25          MR. RUBIN:  Yes, your Honor.

33

1             THE COURT:  What are the mandatory minimums?

2             MR. RUBIN:  To the amended indictments?

3             THE COURT:  Yes.

4             MR. RUBIN:  Minimum mandatory on trafficking,

5     28 to a hundred, five years in state prison.

6             THE COURT:  You understand, Mr. Bureau --

7             MR. RUBIN:  Excuse me, your Honor.  There's

8     also a minimum mandatory on the subsequent indictments,

9     those are also five years.

10            THE COURT:  There are minimum mandatory

11    sentences on a number of indictments that have just

12    been outlined by the district attorney.  That means if

13    you plead guilty to those charges that I am required by

14    law to impose a minimum mandatory sentence.  Do you

15    understand that, sir?

16            THE DEFENDANT BUREAU:  Yes.

17            THE COURT:  Do you each understand that the

18    Court does not make any decisions on the issue of

19    parole eligibility?  I have nothing to do with that.

20            And Miss Stetson, in the event that you are

21    sentenced as a result of any violation of probation,

22    you may become eligible for parole in the event that

23    the sentences that were imposed would indicate that.

24            Mr. Bureau, you are being sentenced on an

25    agreed plea of six to eight, if the Court accepts that.

34

That means you would be eligible for parole after a certain period of time.

Are you both aware that I have nothing to do -- or the Court has nothing to do with your eligibility for parole and those decisions are left entirely up to the parole board?

THE DEFENDANT STETSON:  Yes.

THE DEFENDANT BUREAU:  Yes.

THE COURT:  I will advise both of you that if you are not citizens of the United States, a conviction of the offense for which you have been charged may very well have the consequence of your being deported or excluded from admission to the United States or you could be denied naturalization under the laws of the United States.  Do you each understand that?

THE DEFENDANT STETSON:  Yes.

THE DEFENDANT BUREAU:  Yes.

THE COURT:  Are you each aware that by pleading guilty you may be required to provide a DNA sample to the state police for inclusion in the state DNA database system?

THE DEFENDANT STETSON:  Yes.

THE DEFENDANT BUREAU:  Yes.

THE COURT:  The district attorney is now going to read the facts.

1          You may be seated, Miss Stetson, while he

2     reads them.

3          After he reads the facts, I am going to ask

4     you if you heard them and if you agree to so much of

5     the facts that apply to each of you.

6          Mr. Rubin, please.

7          MR. RUBIN:  Your Honor, I will summarize the

8     facts for these purposes:

9          On November 20th of 2003, at approximately

10    ten o'clock in the evening, Fitchburg Police Department

11    executed search warrants for 20 Bernadette Street in

12    Fitchburg, that's a single-family house, and two

13    vehicles belonging to Mr. Bureau and Miss Stetson, and

14    warrants for the persons of both Mr. Bureau and Miss

15    Stetson.  The warrants were issued, your Honor, out of

16    the Fitchburg District Court on that same day,

17    November 20th of 2003.  On that evening, your Honor,

18    officers were making observations of the defendants,

19    both of them.  They were at the Red Star Cafe.  That's

20    located on Bemis Road in Fitchburg.  This is after they

21    already had the warrants in hand.  When they were at

22    that location, your Honor, they observed what appeared

23    to be numerous hand-to-hand sales of drugs by Mr.

24    Bureau outside of the Red Star Cafe.  Upon observing

25    this, your Honor, and with the warrants in hand, they

36

1    subsequently stopped and seized Mr. Bureau.  He was

2    found to be in possession, your Honor, at that time,

3    inside two Marlboro cigarette packs, of 53 individual

4    packets of powder cocaine with a total weight of a

5    little bit less than 40 grams.  He also had on his

6    person $2,411 in cash, and that was mostly in hundred

7    dollar bills and fifty dollar bills.  He also had on

8    his person 92 Oxycodone tablets.  It's a Class B

9    controlled substance.

10        Police then entered the Red Star Cafe and

11   there located the defendant, Miss Stetson.  She was

12   sitting at the bar at the time.  Miss Stetson indicated

13   to the police that her coat and pocketbook were on a

14   stool that she was sitting on.  Police located

15   subsequently inside on her person, your Honor, in a

16   Marlboro cigarette pack, eight packets of powder

17   cocaine weighing a total of a little less than

18   .74 grams, and those were all packaged very similar to

19   the powder cocaine that was seized from Mr. Bureau.

20   She had $14 cash on her at the time.

21        Police then went to the house, 20 Bernadette

22   Street, which is where Mr. Bureau and Miss Stetson

23   resided, with the warrant.  They entered that house,

24   your Honor, pursuant to the warrant.  Inside the house,

25   your Honor, they located a locked safe which was in a

1    locked bedroom.  Mr. Bureau had keys to both the safe

2    and the bedroom.  Police opened up the safe and inside

3    the safe police located 182 grams of cocaine packaged

4    in one large bag.  They also located 180 pills of

5    Oxycodone; that's a Class B substance.  They also

6    located personal papers in the names of both

7    defendants, $1,750 in cash, and some other assorted

8    items in the safe, some other assorted personal items.

9            Police continued to search.  They located a

10   small quantity of marijuana which was in a small box

11   inside the top drawer of a nightstand in that same

12   bedroom.  Also in that nightstand police located

13   numerous pieces of mail, your Honor, that were

14   addressed to both defendants at 20 Bernadette Street,

15   the address of the house in question.

16           At the time of the execution of the search

17   warrant, your Honor, there were two children present,

18   both Miss Stetson's children, aged 13 and 14, and one

19   other adult.

20           Police also seized from a bureau in the

21   bedroom 178½ pills of Class C and Class E substances,

22   and also three bags of cocaine and one small packet of

23   cocaine weighing a little bit less than four grams.

24   They also seized from the house, your Honor, a digital

25   scale which had some cocaine residue on it and a number

1    of cartons of Marlboro cigarettes.

2            That's a summary, your Honor, of the evidence

3    that the Commonwealth would seek to introduce at trial

4    against both defendants.

5            THE COURT:  Miss Stetson, did you hear the

6    facts that were recited by the assistant district

7    attorney?

8            THE DEFENDANT STETSON:  Yes.

9            THE COURT:  Do the facts fairly and

10   accurately describe your conduct in this case?

11           THE DEFENDANT STETSON:  Yes.

12           THE COURT:  Do you understand that by

13   pleading guilty you are admitting that the facts that

14   were just recited to the Court are true and correct?

15           THE DEFENDANT STETSON:  Yes.

16           THE COURT:  Is there anything described in

17   the facts that you do not believe to be fair or

18   accurate?

19           THE DEFENDANT STETSON:  No.

20           THE COURT:  Has anybody forced you to plead

21   guilty?

22           THE DEFENDANT STETSON:  No.

23           THE COURT:  Has your attorney forced you to

24   plead guilty?

25           THE DEFENDANT STETSON:  No.

39

1          THE COURT:  Did anybody made any promises or

2    threats to you to induce you to plead guilty?

3          THE DEFENDANT STETSON:  No.

4          THE COURT:  Has your lawyer explained to you

5    the elements of the crimes to which you are pleading

6    guilty?

7          THE DEFENDANT STETSON:  Yes.

8          THE COURT:  Have you had enough time to

9    discuss this case and your rights and defenses and the

10    possible consequences of this guilty plea with your

11    lawyer?

12          THE DEFENDANT STETSON:  Yes.

13          THE COURT:  Has your lawyer discussed and

14    explained to you all of the options available to you in

15    the event that you choose to proceed to go to trial?

16          THE DEFENDANT STETSON:  Yes.

17          THE COURT:  Do you feel that your lawyer has

18    acted in your best interests?

19          THE DEFENDANT STETSON:  Yes.

20          THE COURT:  Do you feel you have been fairly

21    represented by your lawyer?

22          THE DEFENDANT STETSON:  Yes.

23          THE COURT:  Are you confused by any questions

24    that I have asked you?

25          THE DEFENDANT STETSON:  No.

40

THE COURT:  Do you plead guilty voluntarily, knowingly, and intelligently?

THE DEFENDANT STETSON:  Yes.

THE COURT:  Are you pleading guilty because you are guilty?

THE DEFENDANT STETSON:  Excuse me?

THE COURT:  Are you guilty because you are guilty?

THE DEFENDANT STETSON:  Yes.

THE COURT:  Are there any other reasons why you are pleading guilty?

THE DEFENDANT STETSON:  No.

THE COURT:  Do you have any questions of the Court before I continue?

THE DEFENDANT STETSON:  No.

THE COURT:  You have signed a Waiver of Defendant's Rights form.  It's one page, and it consists of printing on both sides.  It has two columns, one in English and one in Spanish.  Did you have an opportunity to read this?

THE DEFENDANT STETSON:  Yes.

THE COURT:  Did you read the English version?

THE DEFENDANT STETSON:  Yes.

THE COURT:  Did your lawyer go over it with you?

41

1            THE DEFENDANT STETSON:  Yes.

2            THE COURT:  Did your lawyer explain it to

3      you?

4            THE DEFENDANT STETSON:  Yes.

5            THE COURT:  You understand that by pleading

6      guilty you are giving up essentially -- sorry, by

7      signing this, you are giving up essentially the same

8      rights I have gone over with you in court today?

9            THE DEFENDANT STETSON:  Yes.

10            THE COURT:  Do you have any questions about

11      this?

12            THE DEFENDANT STETSON:  No.

13            THE COURT:  Did you sign it freely and

14      voluntarily?

15            THE DEFENDANT STETSON:  Yes.

16            THE COURT:  Did anybody force you to sign it?

17            THE DEFENDANT STETSON:  No.

18            THE COURT:  Did your lawyer force you to sign

19      it?

20            THE DEFENDANT STETSON:  No.

21            THE COURT:  Mr. Bureau, did you hear the

22      facts that were recited by the district attorney?

23            THE DEFENDANT BUREAU:  Yes.

24            THE COURT:  Do the facts fairly and

25      accurately describe your conduct in this case?

42

1           THE DEFENDANT BUREAU:  Yes.

2           THE COURT:  Do you understand that by

3   pleading guilty you are admitting that the facts that

4   were just recited to the Court are true and correct?

5           THE DEFENDANT BUREAU:  Yes.

6           THE COURT:  Is there anything described in

7   the facts that you do not believe to be fair or

8   accurate?

9           THE DEFENDANT BUREAU:  No.

10          THE COURT:  Has anybody forced you to plead

11  guilty?

12          THE DEFENDANT BUREAU:  No.

13          THE COURT:  Has your attorney forced you to

14  plead guilty?

15          THE DEFENDANT BUREAU:  No.

16          THE COURT:  Has anybody made any threats or

17  promises to induce you to plead guilty?

18          THE DEFENDANT BUREAU:  No.

19          THE COURT:  Has your lawyer explained to you

20  the elements of the crimes to which you are pleading

21  guilty?

22          THE DEFENDANT BUREAU:  Yes.

23          THE COURT:  Have you had enough time to fully

24  discuss your rights and your case and your defenses and

25  the possible consequences of this guilty plea with your

43

1      lawyer?

2              THE DEFENDANT BUREAU:  Yes.

3              THE COURT:  Has your lawyer discussed and

4      explained to you all of the options available to you in

5      the event that you choose to proceed to go to trial?

6              THE DEFENDANT BUREAU:  Yes.

7              THE COURT:  Do you feel that your lawyer has

8      acted in your best interests?

9              THE DEFENDANT BUREAU:  Yes.

10             THE COURT:  Do you feel that you have been

11     fairly represented by your lawyer?

12             THE DEFENDANT BUREAU:  Yes.

13             THE COURT:  Are you confused by any questions

14     I have asked you?

15             THE DEFENDANT BUREAU:  No.

16             THE COURT:  Do you plead guilty voluntarily,

17     knowingly, and intelligently?

18             THE DEFENDANT BUREAU:  Yes.

19             THE COURT:  Are you pleading guilty because

20     you are guilty?

21             THE DEFENDANT BUREAU:  Yes.

22             THE COURT:  Are there any other reasons why

23     you are pleading guilty?

24             THE DEFENDANT BUREAU:  No.

25             THE COURT:  Do you have any questions of the

44

1    Court before I continue?

2                    THE DEFENDANT BUREAU:  No.

3                    THE COURT:  You have signed a Waiver of

4    Defendant's Rights form.  It's one page.  It consists

5    of printing on both sides in two columns.  Did you have

6    a chance to read the English version?

7                    THE DEFENDANT BUREAU:  Yes.

8                    THE COURT:  Did your lawyer go over it with

9    you?

10                   THE DEFENDANT BUREAU:  Yes.

11                   THE COURT:  Do you understand what's in it?

12                   THE DEFENDANT BUREAU:  Yes.

13                   THE COURT:  You are aware that by signing

14   this form you are essentially acknowledging that you

15   are giving up the same rights that I have gone over

16   with you here in court today?

17                   THE DEFENDANT BUREAU:  Yes.

18                   THE COURT:  Did your attorney or anybody else

19   force you to sign this agreement?

20                   THE DEFENDANT BUREAU:  No.

21                   THE COURT:  The Court will accept the change

22   of plea for each defendant.  The Court finds there's a

23   factual basis for a guilty plea of each defendant; that

24   each defendant is not presently under the influence of

25   drugs or alcohol and is not presently suffering from

45

1    any mental illness or condition; the Court further

2    finds that each defendant understands the rights that

3    he or she is waiving and each is doing so knowingly,

4    willingly, and voluntarily, and intelligently; and the

5    Court also finds that each defendant understands the

6    charges to which he's pleading guilty and the

7    consequences of pleading guilty, and that the plea of

8    each was offered knowingly, willingly, voluntarily, and

9    intelligently.

10            The clerk may accept the guilty pleas.

11            THE CLERK:   Bonnie L. Stetson, please stand.

12            On Indictment 04-1039-1, to so much of this

13   indictment as presents possession of Class B substance

14   with intent to distribute, how do you plead, guilty or

15   not guilty?

16            THE DEFENDANT STETSON:   Guilty.

17            THE CLERK:   Indictment 04-1039-2, to so much

18   of this indictment as presents possession of Class B

19   substance with intent to distribute, how do you plead,

20   guilty or not guilty?

21            THE DEFENDANT STETSON:   Guilty.

22            THE CLERK:   Indictment 04-1039-3, which

23   presents possession of Class B substance with intent to

24   distribute, how do you plead, guilty or not guilty?

25            THE DEFENDANT STETSON:   Guilty.

1         THE CLERK:  Indictment 04-1039-4, which

2   presents possession of marijuana, how do you plead,

3   guilty or not guilty?

4         THE DEFENDANT STETSON:  Guilty.

5         THE CLERK:  Indictment 04-1039-9, which

6   presents possession of Class C substance with intent to

7   distribute, how do you plead, guilty or not guilty?

8         THE DEFENDANT STETSON:  Guilty.

9         THE CLERK:  Indictment 04-1039-11, which

10  presents possession of Class E substance with intent to

11  distribute, how do you plead, guilty or not guilty?

12        THE DEFENDANT STETSON:  Guilty.

13        THE CLERK:  George W. Bureau, on Indictment

14  04-1037-1, to so much of this indictment as presents

15  trafficking in cocaine, 28 to one hundred grams, how do

16  you plead, guilty or not guilty?

17        THE DEFENDANT BUREAU:  Guilty.

18        THE CLERK:  Indictment 04-1037-2, which

19  presents trafficking in cocaine, 28 to one hundred

20  grams, how do you plead, guilty or not guilty?

21        THE DEFENDANT BUREAU:  Guilty.

22        THE CLERK:  Indictment 04-1037-3, possession

23  of cocaine with intent to distribute, this offense

24  being a second or subsequent offense, how do you plead,

25  guilty or not guilty?

1          THE DEFENDANT BUREAU:  Guilty.

2          THE CLERK:  Indictment 04-1037-4, which

3     presents possession of cocaine with intent to

4     distribute, this being a second or subsequent offense,

5     how do you plead, guilty or not guilty?

6          THE DEFENDANT BUREAU:  Guilty.

7          THE CLERK:  Indictment 04-1037-5, which

8     presents possession of a Class B substance with intent

9     to distribute, being a second or subsequent offense,

10    how do you plead, guilty or not guilty?

11         THE DEFENDANT BUREAU:  Guilty.

12         THE CLERK:  Indictment 04-1037-6, which

13    presents possession of a Class C substance with intent

14    to distribute, a second and subsequent offense, how do

15    you plead, guilty or not guilty?

16         THE DEFENDANT BUREAU:  Guilty.

17         THE CLERK:  Indictment No. 04-1037-7, which

18    presents possession of marijuana, how do you plead,

19    guilty or not guilty?

20         THE DEFENDANT BUREAU:  Guilty.

21         THE CLERK:  Indictment 04-1037-8, which

22    presents possession of a Class E substance with intent

23    to distribute, deleting the second and subsequent

24    offense aspect of this indictment, how do you plead,

25    guilty or not guilty?

1          THE DEFENDANT BUREAU:  Guilty.

2          THE COURT:  I will hear the Commonwealth on

3     the agreed recommendation, please, if you wish to be

4     heard.

5          MR. RUBIN:  All I would add, your Honor,

6     these are agreed recommendations for your

7     consideration.

8               Regarding Mr. Bureau, your Honor, you have

9     heard that he's pleading to a second or subsequent

10    offense on a number of the indictments.  That

11    subsequent offense, your Honor, is Docket 9261CR0695.

12    I should so say the previous offense which justifies

13    the indictment for subsequent offense, Indictment

14    926CR0695, it's a conviction out of the Leominster

15    District Court on October 25th, 1993, where the

16    defendant pled guilty to distribution of a Class B

17    substance and received a six-month House of Correction

18    suspended sentence.

19          THE COURT:  Do you agree to that, Mr. Bureau?

20          THE DEFENDANT BUREAU:  Yes.

21          THE COURT:  The fact that that was recited

22    after the initial facts, does that affect your decision

23    to change your plea from not guilty to guilty?

24          THE DEFENDANT BUREAU:  No.

25          THE COURT:  On Miss Stetson.

1     MR. RUBIN:  Also, your Honor, an agreed upon

2 recommendation of probation for your consideration.

3     THE COURT:  Counsel for Miss Stetson, please,

4 do you wish to be heard?

5     MR. HUSSEY:  Just briefly, Judge.  She has a

6 very minor record dating back more than ten years ago,

7 Judge.  I think it's a fair recommendation under the

8 circumstances, one that both sides have given a lot of

9 consideration to, and I ask you to accept it.

10     THE COURT:  Counsel for Mr. Bureau, please.

11     MR. McEVILLY:  We would ask that you accept

12 the recommendation brought before the Court, your

13 Honor.

14     THE COURT:  Probation, there's an agreed

15 recommendation.  Does the probation department wish to

16 be heard?

17     MS. CURTIN:  No, your Honor.

18     THE COURT:  What do the sentencing guidelines

19 indicate for Stetson, please?

20     MS. CURTIN:  Judge, we have done it for the

21 trafficking charge and the possession with intent to

22 distribute school zone.

23     THE COURT:  Those have not been pled to.

24     MS. CURTIN:  She does ends up in the A

25 category, Judge.

50

1              THE COURT:  Which is?

2              MS. CURTIN:  The lowest category.  If you

3     give me a minute, we need to update this for these in

4     particular.

5              I guess 3A, Judge, according to Mr. Lajoie.

6              THE COURT:  Has Counsel determined what the

7     parameters are?

8              MR. HUSSEY:  No, I hadn't, Judge.

9              MS. CURTIN:  It's a 4A, which comes out to --

10             THE COURT:  We are within the sentencing

11    guidelines.

12             On Mr. Bureau, what are the sentencing

13    guidelines?

14             MS. CURTIN:  Judge, again, we have done them

15    for trafficking and possession with intent to

16    distribute, school zone.

17             THE COURT:  Well, he's pled to trafficking,

18    28 to a hundred.

19             MS. CURTIN:  This is a hundred to two

20    hundred.  If you would give us a minute, please.

21             He's a 6C, Judge.

22             THE COURT:  Which is what?

23             MS. CURTIN:  Which comes down to 50 to 75

24    months, Judge.

25             THE COURT:  The Court will accept the agreed

51

1     recommendation.  Sentence may be imposed.

2                THE CLERK:  Bonnie L. Stetson, please stand.

3                On Indictment 04-1039-1 and 2, possession of

4     Class B substance with intent to distribute; 3,

5     possession of a Class B substance with intent to

6     distribute; 4, possession of marijuana; 9, possession

7     of a Class C substance with intent to distribute; and

8     11, possession of a Class E substance with intent to

9     distribute, the Court having considered the offenses of

10    which you stand convicted orders you be punished

11    therefor by being placed on probation for five years.

12                Court orders you be assessed a victim-witness

13    fee in the amount of $90, a drug fee in the amount of

14    $150, and a probation supervision fee in the amount of

15    $65 per month.

16                During the five-year period you are on

17    probation, do you, Bonnie L. Stetson, recognize with

18    Mr. Lajoie?

19                THE DEFENDANT STETSON:  Yes.

20                THE CLERK:  And Mr. Lajoie with defendant?

21                And 4, that's the possession of marijuana,

22    the Court orders that indictment placed on file.  Do we

23    have your consent to place that indictment on file?

24                THE DEFENDANT STETSON:  Yes.

25                THE COURT:  In regard to -- still on Bonnie?

THE CLERK:  Yes.

On Indictment 04-1039, Indictment Nos. 5, 6, 7, 8, and 10, the Court orders those indictments dismissed at the request of the Commonwealth.

THE COURT:  In regard to Bonnie Stetson, there's a motion for forfeiture that's been assented to.

MR. RUBIN:  Yes.  There are motions for forfeiture for both defendants.  For Stetson there's one.

THE COURT:  Bonnie Stetson.  That's allowed.

THE CLERK:  The probation department wishes to be heard.

MR. LAJOIE:  May we have special conditions of probation that she remain employed and she undergo a substance abuse evaluation?

THE COURT:  Well, I don't know how the employment situation affects everybody.

MR. HUSSEY:  She will be working or actively trying to work.

THE COURT:  I will impose a condition that she use her best efforts to be employed.

MR. LAJOIE:  Very good.

THE COURT:  And she subject herself to drug evaluation and random testing.

53

1          MR. LAJOIE:  May she do community service in

2     regard to her probation fee?

3          THE COURT:  Yes.

4          THE CLERK:  On George W. Bureau --

5          MR. McEVILLY:  May he remain seated?

6          THE COURT:  You may.

7          Before you do this, I have an agreement for

8     judgment that has not been signed by the district

9     attorney, page 2.

10         MR. RUBIN:  Thank you, your Honor.  Sorry.

11         THE COURT:  I note that there are people in

12    the back that may be family members.  I just need to

13    let them be aware that after sentencing there can be no

14    contact with Mr. Bureau.  Those are done for security

15    reasons in this courthouse.

16         THE CLERK:  George Bureau, on Indictment

17    04-1037-1, to so much of this indictment as presents

18    trafficking in cocaine, 28 to one hundred grams, the

19    Court having considered the offenses of which you stand

20    convicted orders you be punished therefor by being

21    placed in confinement at the Massachusetts Correctional

22    Institution Cedar Junction for not less than six, no

23    more than eight years.

24         On Indictment 04-1037-2, trafficking in

25    cocaine, 28 to one hundred grams, and 6, possession of

1    a Class C substance with intent to distribute, second

2    or subsequent offense, the Court orders

3    six-to-eight-year sentences at MCI Cedar Junction to

4    run concurrent with sentence just imposed.

5        On Indictment 04-1037-3 and 4, two

6    indictments presenting possession of cocaine with

7    intent to distribute, second or subsequent offense, and

8    Indictment No. 5, possession of a Class B substance

9    with intent to distribute, second or subsequent

10   offense, the Court orders you be placed on probation

11   for two years, to take effect from and after sentence

12   just imposed.

13       Court further orders you be given credit in

14   the amount of 15 days, that you be assessed a

15   victim-witness fee in the amount of the $90, and a drug

16   assessment fee in the amount of $150.

17       Court further orders probation supervision

18   fee in the amount of $65 per month or community service

19   in the alternative.

20       On Indictment 04-1037-7, possession of

21   marijuana, and 8, possession of a Class E substance

22   with intent to distribute, the Court orders those

23   matters placed on file.  Do we have your consent to

24   place those matters on file?

25       THE DEFENDANT BUREAU:  Yes.

55

1     THE CLERK: Indictments 04-1037-9 through 13,

2     the Court orders those matters dismissed at the request

3     of the Commonwealth.

4          During the two-year period you are on

5     probation, do you, George Bureau, recognize with

6     Mr. Lajoie, and Mr. Lajoie with the defendant?

7          MR. LAJOIE: Yes.

8          THE CLERK: George Bureau, you are notified

9     of your right within ten days to appeal to the

10    appellate division of this court for review of sentence

11    imposed upon you.

12         Mr. Sheriff, George Bureau is in your custody

13    under sentence.

14         THE COURT: There is a motion for forfeiture

15    on Mr. Bureau for $4,275 that has been assented to.

16    That's been allowed. There's an agreement for judgment

17    on a 1986 Chevrolet. That's allowed. There's an

18    agreement for judgment on a 1989 GMC, and that's

19    allowed.

20         MR. McEVILLY: Judge, for the record, those

21    are the only seizures, the two automobiles and the

22    money. There were other things found in the home, but

23    those would not be seized.

24         MR. RUBIN: That's correct. Those are the

25    only items, your Honor. Everything else seized from

56

1    the home is not being sought by the Commonwealth for

2    forfeiture.

3                THE COURT:  Right.  That's how I read it.

4                MR. McEVILLY:  Thank you.

5                      (Hearing concluded.)

57

1          C E R T I F I C A T I O N

2

3          I, SUSAN A. GARVIN,

4     OFFICIAL COURT REPORTER, HEREBY CERTIFY

5     THAT THE FOREGOING TRANSCRIPT OF THE

6     EVIDENCE IN THE CASE OF COMMONWEALTH

7     VERSUS GEORGE W. BUREAU and BONNIE STETSON,

8     TAKEN BEFORE McCANN, J. AT THE

9     WORCESTER SUPERIOR COURT, WORCESTER,

10    MASSACHUSETTS, ON JUNE 6, 2005,

11    IS A TRUE AND ACCURATE COPY OF MY

12    STENOGRAPHIC NOTES REDUCED TO TYPEWRITTEN

13    FORM BY MEANS OF COMPUTER-AIDED

14    TRANSCRIPTION TO THE BEST OF MY SKILL,

15    KNOWLEDGE AND ABILITY.

16

17

18

19

20          SUSAN A. GARVIN
            OFFICIAL COURT REPORTER

21

22

23

24

25